UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEFFREY D. JANNSEN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION H:10-4292 |
| § | |
| RIG-A-LITE PARTNERSHIP, LTD., § | |
| and AZZ INCORPORATED, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Pending before the court in this removal action are a motion to dismiss filed by defendants Rig-A-Lite Partnership and AZZ Incorporated ("Defendants") and a motion to dismiss/strike affirmative defenses filed by plaintiff Jeffrey D. Jannsen. Dkts. 12, 14. After review of the motions, the responses, and the applicable law, Defendants' motion to dismiss is DENIED and Jannsen's motion to dismiss/strike Defendants' affirmative defenses is DENIED.

**I. BACKGROUND**

Jannsen filed his original petition against Defendants in the 127th District Court of Harris County, Texas, on September 10, 2010. Dkt. 1, Ex. A. In his complaint, Jannsen brought Texas state law claims of defamation and tortious interference, as well as state and federal claims of disability discrimination and retaliation under the Americans with Disabilities Act ("ADA") and the Texas Commission on Human Rights Act ("TCHRA"). Dkt. 1, Ex. A. Upon removal to federal court, Defendants filed a motion to dismiss Jannsen's defamation and tortious interference claims under Federal Rule of Civil Procedure 12(b)(6). Dkt. 6. Jannsen simultaneously filed an amended complaint and a motion to strike Defendants' affirmative defenses under Federal Rule of Civil

Procedure 12(f). Dkts. 8, 9. The motions were denied as moot because they related to the original pleadings, both of which had been superseded by the amended complaint. Dkt. 23. The parties re-filed their respective motions which are now before the court. Dkts. 12, 14.

Jannsen was an employee of Rig-A-Lite from December 2008 to June 2009. Dkt. 8. He alleges that during this period, Defendants exerted sufficient control over his employment to be considered joint employers, co-employers, and/or that they were an integrated enterprise for the purposes of the employment statutes at issue. Dkt. 8. Jannsen has multiple sclerosis, the symptoms of which include slurred speech, fatigue, memory problems, and neuropathy in his hands and feet. Dkt. 8. Jannsen claims that this condition falls within the definition of "disability" under the ADA and the TCHRA. Dkt. 8. Jannsen alleges that his supervisor at Rig-A-Lite, Paul Markee, "repeatedly made fun of Jannsen in front of others when he had to sit down or required water, called Jannsen a 'whiner' and spoke to Jannsen of his 'issues,' referring to the multiple sclerosis from which Jannsen suffers." Dkt. 8. Furthermore, Jannsen alleges that Defendants terminated his employment the same day that he requested a leave of absence under the Family Medical Leave Act ("FMLA") for his multiple sclerosis. Dkt. 8. In June 2009, Jannsen filed a charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission-Civil Rights Division ("TWC-CRD"). Dkt. 8.

Jannsen sought a new position with Argo International Corporation ("Argo"), which knew of his employment with Defendants and had expressed an interest for him to join Argo. Dkt. 8. Jannsen claims that in the course of talks with Argo after his termination by Defendants, Argo's Vice President of Global Marketing & Sales, Edward Schreiber, became "enthusiastic about Jannsen coming to work for Argo." Dkt. 8. According to Jannsen, Schreiber told him "that things looked very good for him coming to work at Argo, but that [he] just needed to talk to Jannsen's supervisor

2

at Rig-A-Lite for a reference." Dkt. 8.  Jannsen claims that when contacted by Argo, Markee stated that "'there was a reason Jannsen only worked for Rig-A-Lite for 7 months' and that 'it would be a problem' if Jannsen went to work for Argo, indicating Jannsen had been terminated from Rig-A-Lite for cause." Dkt. 8. Jannsen contends that these statements were defamatory, and he believes that Markee made other defamatory statements to Schreiber. Dkt. 8. Jannsen asserts that discovery will provide evidence to support this belief. Dkt. 17. In relating his conversation with Markee to Jannsen, Schreiber told Jannsen that Markee's statements were the reason why Argo did not extend an offer of employment. Dkt. 8.

## II. ANALYSIS

Defendants seek to dismiss Jannsen's defamation and tortious interference claims under Rule 12(b)(6) for failure to plead sufficient facts. FED. R. CIV. P. 12(b)(6). Jannsen seeks to dismiss/strike Defendants' affirmative defenses as insufficient under Rule 12(f). FED. R. CIV. P. 12(f).

**A.     Defendants' motion to dismiss for failure to state a claim**

   *1.     Standard of Review*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). In considering a 12(b)(6) motion, the court must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  Additionally, the court does not look beyond the face of the pleadings to determine whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554 (internal citations omitted). The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.*

    2.    *Analysis*

        **a.    Defamation**

Under Texas law, a statement is actionable as defamation if it is a false statement injurious to the plaintiff's reputation, thereby exposing him to "public hatred, contempt or ridicule, or financial injury." *Einhorn v. LaChance*, 823 S.W.2d 405, 410–11 (Tex. App.—Houston [1st Dist.] 1992, writ dism'd w.o.j. ); *see* Tex. Civ. Prac. & Rem. Code Ann. § 73.001 (Vernon 2005) (elements of libel). However, a plaintiff may not recover, even if the statement is false, unless he has pled special damages. *Einhorn*, 823 S.W.2d at 411. "[A]n exception to this general rule is that words not otherwise actionable per se sometimes become actionable if they refer to a person engaged in a particular business or profession, where they charge him with fraud, indirect dealings, or incapacity, and tend to injure him in his trade, occupation, employment, or business." *Id.* Whether a statement is defamatory is a question of law. *Simmons v. Ware*, 920 S.W.2d 438, 443 (Tex. App.—Amarillo 1996, no writ). In analyzing a statement's defamatory nature, the court must consider the statement as a whole and how a person of ordinary intelligence would perceive it. *Id.* at 451.

In this case, Defendants separate Markee's statements, arguing that neither was defamatory. Dkts. 12, 19. Defendants cite the "generalized" nature of the first statement that "there was a reason" Jannsen only worked for Defendants for seven months. Dkt. 12. They argue that the same statement is not false because Jannsen *was* terminated for a reason and defend the second statement that "it

would be a problem" if Argo hired Jannsen as a protected statement of opinion because it concerned a "future, hypothetical scenario." Dkt. 12.

Jannsen argues that, taken as a whole, Markee's statements are defamatory because Argo reasonably understood that Jannsen was terminated for cause. Dkt. 17. Jannsen relies on *Frank B. Hall & Co. v. Buck*, in which a job-seeker's former employer falsely informed a prospective employer that the job-seeker had been terminated for not reaching production goals and refused to answer any further questions. *Frank B. Hall & Co. v. Buck*, 678 S.W.2d 612, 618 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). The prospective employer testified at trial that *because of* [those] comments, he was not willing to extend an offer of employment to Buck." *Id.* at 678. On appeal, the court held that the evidence supported the jury's finding of defamation because the prospective employer reasonably understood the former employer's statements in a defamatory sense.[1] *Id.* at 619.

Taking Jannsen's allegations as true, the court finds that Jannsen has adequately pled facts sufficient to support a claim upon which relief may be granted. Jannsen has cited specific statements by Markee to Argo that as a whole could be understood by a reasonable listener to be injurious. Jannsen also refers to other defamatory statements made by Markee to Argo which he reasonably believes will come out during discovery. Furthermore, Schreiber told Jannsen that it did not hire him because of Markee's comments. Defendants' motion to dismiss Jannsen's defamation claim under Rule 12(b)(6) is DENIED.

---

[1]Defendants erroneously assert that the former employer in *Frank B. Hall* also told the prospective employer that the job seeker was a "classical sociopath," "a zero," and "a Jekyll and Hyde person." Dkt. 19. These comments were made by the former employer, but there was no evidence suggesting that the statements were ever relayed to the prospective employer. *Buck*, 678 S.W.2d at 619.

### b. Tortious interference

"To establish a cause of action for tortious interference with prospective business relationships, a plaintiff must show that (1) there was a reasonable probability that the parties would have entered into a business relationship; (2) the defendant committed an independently tortious or unlawful act that prevented the relationship from occurring; (3) the defendant either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; and (4) the plaintiff suffered actual harm or damages as a result of the defendant's interference." *Richardson-Eagle, Inc. v. William M. Mercer, Inc.*, 213 S.W.3d 469, 475 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

Defendants request that Jannsen's claim for tortious interference be dismissed under Rule 12(b)(6), arguing that Jannsen did not properly plead his claim for defamation as tortious conduct. Dkt. 12. Jannsen, however, has pled facts sufficient to sustain his defamation claim as shown above. Accordingly, Defendants' motion to dismiss Jannsen's tortious interference claim under Rule 12(b)(6) is DENIED.

### B. Jannsen's motion to dismiss/strike Defendants' affirmative defenses

#### 1. Standard of Review

Rule 12(f) allows a court to strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike defenses are generally disfavored and infrequently granted because such motions are drastic remedies which are difficult to decide without a factual record. *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *Kaiser*, 677 F.2d at 1047. An affirmative defense is subject to the same pleading requirements as the complaint. *Woodfield*, 193 F.3d 354, 362 (5th Cir. 1999). A defendant must plead an affirmative defense with "enough specificity or factual

particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id.* A plaintiff has fair notice of the defense when the defendant "sufficiently articulate[s] the defense so that the plaintiff [is] not a victim of unfair surprise." *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993). In some cases, merely pleading the name of the affirmative defense will suffice. *Woodfield*, 193 F.3d at 362.

    *2.    Analysis*

Jannsen argues that Defendants' affirmative defenses of failure to mitigate damages; employer immunity; business necessity; and failure to exhaust administrative remedies are insufficient because they do not provide enough factual particularity to give notice. However, Defendants' pleading of the affirmative defenses are self-explanatory and provide Jannsen with notice such that he will not be a victim of unfair surprise. Defendants provide specific facts to support each of the challenged defenses. First, with regard to the mitigation defense, Defendants allege that Jannsen did not seek work and obtain employment after his termination. Dkt. 11 ¶ 13.1. Second, Defendants assert that Markee's statements were not known to be false and were made without malice or reckless indifference in support of their immunity defense. Dkt. 11 ¶ 13.2; *see* Tex. Lab. Code Ann. § 103.004 (Vernon 2006) (immunizing employers from civil liability for disclosures made to prospective employers of former employees). Third, Defendants assert that the business necessity defense is applicable because they terminated Jannsen's employment to reduce staff during a difficult economy and weak sales. Dkt. 11 ¶ 13.4. Finally, Defendants assert that Jannsen did not exhaust administrative remedies because "[t]he factual allegations and legal theories set forth . . . exceed the scope of his charge of discrimination and include allegations that occurred more than 180 days prior to the charge filing date." Dkt. 11 ¶ 13.5. Defendants' pleading has given Jannsen fair notice of the defenses that are being advanced, as well as the factual allegations

supporting those defenses. Defendants' pleading of their affirmative defenses have therefore adequately put Jannsen on notice. Accordingly, Jannsen's motion to strike dismiss/strike Defendants' affirmative defenses under Rule 12(f) is DENIED.

## CONCLUSION

The court DENIES Defendants' motion to dismiss Jannsen's claims for defamation and tortious interference and DENIES Jannsen's motion to dismiss/strike Defendants' affirmative defenses.

It is so ORDERED.

Signed at Houston, Texas on February 17, 2011.

_____
Gray H. Miller
United States District Judge